UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY HENDEE, *et al.*,

        Plaintiffs,

v.

TOWNSHIP OF PUTNAM,

        Defendant.
_____/

Case No. 08-14623

DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE
PAUL J. KOMIVES

## ORDER GRANTING PLAINTIFFS' MOTION FOR REHEARING OR RECONSIDERATION [15]

Before the Court is Plaintiffs' Motion for Rehearing or Reconsideration of Order Granting Defendant's Motion for Summary Judgment [15]. The Motion was timely filed within ten days of the Court's entry of the final Order [13] and Judgment [14] in this case. *See* Fed. R. Civ. P. 6(a), (d); Local R. 7.1(g)(1).

As Plaintiffs observe, "[t]he decision whether to grant reconsideration lies largely within the discretion of the court." *See Yuba Natural Res. Inc. v. United States*, 904 F.2d 1577, 1583. Local Rule 7.1, Motion Practice, provides that:

> [g]enerally, . . . the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Local R. 7.1(g)(3).

Here, Plaintiffs propose that the Court's ruling was based on two "palpable defect[s]," the correction of which would result in a denial of Defendant's Motion for Summary Judgment [5]. First, Plaintiffs argue that the ruling reflected the Court's mistaken belief that Plaintiffs were

"obligated to exhaust potential remedies to the Michigan Supreme Court in order to ripen their federal takings claim." Second, Plaintiffs argue that their federal action should not have been barred on the basis of their failure to "ma[k]e an *England* reservation in their state court action against the Township." *Id.* at 9. Plaintiffs provide citations to Sixth Circuit case law to support their assignments of error.

As directed by this Court's Order [16], Defendants have filed a Response [18] to Plaintiffs' Motion [15]. Therein, Defendants argue that "[t]he state court judgment is *res judicata* and is entitled to full faith and credit even though an appeal is pending before the Michigan Supreme Court," and that under Michigan law, "[P]laintiffs are not entitled to split their state and federal claims arising from the same regulatory action by the township."

The Court having reviewed the parties pleadings and the motion hearing transcript,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Rehearing or Reconsideration of Order Granting Defendant's Motion for Summary Judgment [15] is **GRANTED**. A written opinion will follow, clarifying the Court's rulings on those issues raised in the parties' post-judgment filings but not adequately preserved on the record of the previous motion hearing. The Court will set further conferences or argument as necessary.

**SO ORDERED.**

S/ARTHUR J. TARNOW  
Arthur J. Tarnow  
United States District Judge

Dated: March 31, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on March

31, 2010, by electronic and/or ordinary mail.

                                        <u>S/LISA M. WARE</u>
                                        Case Manager